**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

SEP 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MELVIN RAY NEAGLE,

        Plaintiff-Appellant,

  v.

ALTISOURCE SOLUTIONS, INC., a
Delaware Corporation; et al.,

        Defendants-Appellees,

 and

GOLDMAN SACHS GROUP INC., a
Delaware Corporation,

        Defendant.

No.   19-35272

D.C. No. 6:18-cv-00754-MC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted July 8, 2020[**]
Portland, Oregon

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  M. MURPHY,*** BENNETT, and MILLER, Circuit Judges.

Melvin Ray Neagle brought this action against various entities involved in servicing his mortgage: Ocwen Loan Servicing, LLC, Ocwen Mortgage Servicing, Inc., and Ocwen Financial Corporation (collectively, Ocwen)—Neagle's loan servicers; MTGLQ Investors, L.P., an assignee of Ocwen's; and Altisource Solutions, Inc., a provider of default-related services to Ocwen. As relevant here, Neagle asserted claims under the Sherman Act, 15 U.S.C. §§ 1, 2, seeking damages for the additional debt added to his mortgage based on fees incurred as a result of an alleged conspiracy to inflate the cost of third-party default-related services. The district court dismissed the complaint for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review the district court's order dismissing the complaint de novo. *Kahle v. Gonzales*, 487 F.3d 697, 699 (9th Cir. 2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We may affirm on any ground supported by the record. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013).

---

***     The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

The district court dismissed Neagle's claims against Ocwen and MTGLQ because Neagle failed to allege that he complied with the notice requirement in his deed, which required him to give Ocwen and MTGLQ opportunity to cure any breach before bringing this lawsuit. The parties dispute whether the district court correctly interpreted the deed, but we need not resolve that dispute.

Instead, we affirm the district court's dismissal of all of Neagle's damages claims under the direct-purchaser rule of *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 745–46 (1977). Under Section 4 of the Clayton Act, only "'the immediate buyers from the alleged antitrust violators' may maintain a suit against the antitrust violators." *Apple Inc. v. Pepper*, 139 S. Ct. 1514, 1520 (2019) (quoting *Kansas v. UtiliCorp United Inc.*, 497 U. S. 199, 207 (1990)). Neagle did not directly purchase the default-related services whose prices he says that the alleged antitrust conspiracy inflated. Instead, Neagle alleges that Ocwen directed Altisource to order default-related services from third-party vendors who charge Altisource for those services; that Altisource marked up the price for those services and passed the markup on to Ocwen; and that Ocwen then billed the marked-up cost to borrowers, like Neagle. Neagle claims that the antitrust conspiracy inflated the prices that Ocwen had to pay for those services and, consequently, the prices it charged to borrowers.

Neagle relies on *Freeman v. San Diego Ass'n of Realtors,* 322 F.3d 1133 (9th Cir. 2003), in which we held that indirect purchasers have antitrust standing when there is "no realistic possibility that the direct purchaser will sue its supplier over the antitrust violation." *Id.* at 1145–46. He argues that there is no realistic possibility that Ocwen would sue Altisource because Altisource was spun-off from Ocwen as a separate company in 2009, and the companies share "key executives." But we have explained that *Freeman*'s holding is narrow and that the key fact supporting antitrust standing in that case was "the [supplier's] ownership and control of [the direct purchaser]." *In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 754 (9th Cir. 2012). That type of direct corporate relationship is not present here.

To the extent Neagle seeks injunctive relief, *Illinois Brick* would not bar his claims. *See Freeman*, 322 F.3d at 1145. But although the complaint sought an injunction, Neagle did not mention the possibility of injunctive relief on appeal. We therefore hold that Neagle abandoned his claim for injunctive relief. *See In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 871 n.3 (9th Cir. 2012). In any event, we agree with the district court that Neagle did not state a plausible claim for relief because he did not "allege a relevant market for Ocwen and [did not] allege that Altisource has market power in the default-related services market."

**AFFIRMED**.

4